UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSICA BENNETT and JASON BENNETT, parents and next friends of D.B., a minor, and individually, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, Jessica Bennett and Jason Bennett, parents and next friends of D.B., a minor, and individually, by and through their attorneys, Cirignani Heller & Harman, LLP, complaining of the Defendant United States of America, stating as follows:

1. This is an action under the Federal Tort Claims Act, 28 USC §§2671, *et. seq.*

2. This Court is vested with jurisdiction pursuant to 28 USC §1346(b).

3. Plaintiff Jessica Bennett (hereinafter referred to as "Jessica") and Plaintiff Jason Bennett (hereinafter referred to as "Jason") reside in Berwyn, Illinois, the same being within the Northern District of Illinois.

4. The acts and/or omissions complained of herein occurred in the City of Oak Park, County of Cook and State of Illinois, the same being within the Northern District of Illinois.

5. On or before February 21 2012, Jessica Bennett (hereinafter "Jessica") and her unborn child, D.B., came under the care of the physicians and medical providers of PCC Community Wellness - Austin Family Health Center, 5425 W. Lake Street, Chicago, Illinois 60644 (hereinafter "PCC") for prenatal care.

6. From February 2012 through October 2012, the physicians and medical providers of PCC continued to be Jessica's prenatal care providers.

7. On October 19, 2012 at or about 6:10 p.m., Jessica presented to West Suburban Medical Center, 3 Erie Court, Oak Park, Illinois, for labor and delivery.

8. At West Suburban Medical Center, Jessica and D.B. came under the care of Leah Suarez-Abraham, M.D., Marybeth Waldorf, CNM, Jessica McColley, D.O. and Yam-Shun Tong, M.D.

9. On October 19, 2012 at or about 11:19 p.m., Jessica was completely dilated.

10. On October 19, 2012 at or about 11:19 p.m., the baby was at 1+ station.

11. On October 20, 2012 at or about 1:30 a.m., Jessica was seen and assessed by Leah Suarez-Abraham, M.D.

12. On October 20, 2012 at or about 1:30 a.m., the baby was at 2+ station.

13. On October 20, 2012 at or about 1:30 a.m., the second stage of labor had been going for over two hours.

14. On October 20, 2012 at or about 1:30 a.m., Leah Suarez-Abraham, M.D. recommended an epidural.

15. On October 20, 2012 at or about 1:30 a.m., Leah Suarez-Abraham, M.D. recommended the continuation of labor.

16. On October 20, 2012, Marybeth Waldorf, CNM continued to monitor the labor.

17. On October 20, 2012 at or about 5:15 a.m., the baby was at 2+ station.

18. On October 20, 2012 at or about 5:15 a.m., there was a complete arrest of descent.

19. On October 20, 2012 at or about 5:15 a.m., an intrauterine pressure catheter was inserted.

20. On October 20, 2012 at or about 5:20 a.m., Jessica was seen and assessed by Leah Suarez-Abraham, M.D. and Jessica McColley, D.O.

21. On October 20, 2012 at or about 5:54 a.m., Yam-Shun Tong, M.D. was contacted for assistance in the management of the delivery.

22. On October 20, 2012 at or about 6:23 a.m., Yam-Shun Tong, M.D. was at Jessica's bedside.

23. On October 20, 2012 at or about 6:23 a.m., the baby was at 2+ station.

24. On October 20, 2012 at or about 6:38 a.m., the decision was made to do an emergency cesarean section.

25. D.B. experienced a prolonged loss of oxygen prior to delivery.

26. Jessica and Jason are the parents of D.B., a minor.

27. Plaintiffs submitted an SF-95 administrative claim based on the allegations herein in the amount of $50,000,000 to the Department of Health and Human Services. Said claim was received by the Department of Health and Human Services and acknowledged on November 19, 2013.

28. The Department of Health and Human Services has neither denied the claim nor requested additional time to evaluate the claim.

## COUNT I

29. Plaintiffs adopt and incorporate paragraphs 1-28 inclusive of this Complaint at Law as though fully set forth herein.

30. In 2012 and at all relevant times herein, PCC was a U.S. Department of Health and Human Services Health Center.

31. In 2012, PCC was deemed eligible for Federal Tort Claims Act coverage.

32. In 2012 and at all relevant times herein, Leah Suarez-Abraham, M.D., Marybeth Waldorf, CNM, Jessica McColley, D.O. and Yam-Shun Tong, M.D. were agents and/or employees of PCC.

33. At all relevant times herein, as agents and/or employees of PCC, Leah Suarez-Abraham, M.D., Marybeth Waldorf, CNM, Jessica McColley, D.O. and Yam-Shun Tong, M.D. were deemed employees of Defendant USA.

34. In 2012 and at all relevant times herein, while Leah Suarez-Abraham, M.D., Marybeth Waldorf, CNM, Jessica McColley, D.O. and Yam-Shun Tong, M.D. were rendering care and treatment to Jessica and D.B., they were acting within the scope of their agency or employment with Defendant USA.

35. There was a duty on the part of Defendant USA, by and through its agents and/or employees, Leah Suarez-Abraham, M.D., Marybeth Waldorf, CNM, Jessica McColley, D.O. and Yam-Shun Tong, M.D., to diagnose, care for and treat Jessica and D.B. in accordance with accepted standards of prevailing obstetrical practice and opinion in Cook County, Illinois.

36. After assuming the care and treatment of Jessica and D.B., Defendant USA, by and through its agents and/or employees, Leah Suarez-Abraham, M.D., Marybeth Waldorf, CNM, Jessica McColley, D.O. and Yam-Shun Tong, M.D., was guilty of one or more of the following wrongful acts and/or omissions in treating Jessica and D.B:

a.  Leah Suarez-Abraham, M.D., Marybeth Waldorf, CNM and Jessica McColley, D.O. negligently and carelessly managed the second stage of labor;

b.  Leah Suarez-Abraham, M.D., Marybeth Waldorf, CNM and Jessica McColley, D.O. negligently and carelessly failed to perform a careful clinical assessment of fetal well being when attempting to extend the duration of the second stage of labor;

c.  Leah Suarez-Abraham, M.D., Marybeth Waldorf, CNM and Jessica McColley, D.O. negligently and carelessly failed to confirm fetal well being when extending the second stage of labor;

d.  Leah Suarez-Abraham, M.D. negligently and carelessly recommended an epidural and the continuation of labor;

e.  Marybeth Waldorf, CNM negligently and carelessly failed to recognize that the contractions were ineffective despite the administration of Pitocin;

f.  Marybeth Waldorf, CNM negligently and carelessly failed to recognize the significance of the contractions being ineffective despite the administration of Pitocin;

g.  Marybeth Waldorf, CNM negligently and carelessly failed to recognize the development of a non-reassuring fetal monitor strip;

h.  Marybeth Waldorf, CNM negligently and carelessly failed to recognize fetal intolerance of labor;

i.  Marybeth Waldorf, CNM negligently and carelessly failed to recognize the significance of the non-reassuring fetal monitor strip and fetal intolerance of labor;

j.  Marybeth Waldorf, CNM negligently and carelessly failed to immediately contact Leah Suarez-Abraham, M.D. regarding the contractions being ineffective despite the administration of Pitocin, the non-reassuring fetal monitor strip and fetal intolerance of labor;

k.  Leah Suarez-Abraham, M.D., Marybeth Waldorf, CNM and Jessica McColley, D.O. negligently and carelessly failed to timely insert an intrauterine pressure catheter to adequately document the efficacy of the contractions;

  m. Leah Suarez-Abraham, M.D., Marybeth Waldorf, CNM and Jessica McColley, D.O. negligently and carelessly failed to insert a fetal scalp electrode;

  n. Leah Suarez-Abraham, M.D., Marybeth Waldorf, CNM, Jessica McColley, D.O. and Yam-Shun Tong, M.D. negligently and carelessly failed to recognize complete arrest of descent in a timely fashion;

  o. Leah Suarez-Abraham, M.D. and Jessica McColley, D.O. negligently and carelessly failed to order and/or perform a timely cesarean section;

  p. Yam-Shun Tong, M.D. negligently and carelessly failed to timely order an emergency cesarean section; and

  q. Yam-Shun Tong, M.D. negligently and carelessly attempted a vacuum extraction delivery.

37. As a direct and proximate result of one or more of the aforementioned acts and/or omissions of Defendant USA, by and through its agents and/or employees, Leah Suarez-Abraham, M.D., Marybeth Waldorf, CNM, Jessica McColley, D.O. and Yam-Shun Tong, M.D., D.B. suffered loss of oxygen, severe neonatal depression, hypoxic ischemic encephalopathy, permanent physical and neurologic injury, pain and suffering, pecuniary loss, permanent damage to his body, and will, in the future, experience pain and suffering and pecuniary loss.

WHEREFORE, Plaintiffs Jessica and Jason, on behalf of D.B., ask for judgment against Defendant USA in an amount in the amount of $50,000,000.00.

## COUNT II (Family Expense Act)

38. Plaintiffs adopt and incorporate paragraphs 1-37 inclusive of this Complaint at Law as though fully set forth herein.

39. On and after October 20, 2012, Jessica and Jason Bennett did then and there become obligated for various sums of money for the medical, hospital, and other care and costs of D.B., and will so become obligated in the future, pursuant to the Illinois Family Expense Act.

WHEREFORE, Plaintiffs Jessica and Jason ask for judgment against Defendant USA in an amount in the amount of $50,000,000.00.

Respectfully submitted,

CIRIGNANI, HELLER & HARMAN, LLP

_____
William A. Cirignani
Attorneys for Plaintiff
150 South Wacker Drive, Suite 2600
Chicago, IL 60606
312-346-8700
wac1@medsuit.com
I.D.#6211973